## A89A2240. PIERCE v. FIELDALE CORPORATION.
(390 SE2d 298)

CARLEY, Chief Judge.

Appellant-plaintiff slipped and fell on appellee-defendant's business premises and brought suit for the injuries he sustained. Appellee answered and subsequently moved for summary judgment. The trial

court granted the motion and appellant appeals from this grant of summary judgment in favor of appellee.

Construing the evidence most favorably for appellant, the relevant facts are as follows: Appellee operates a chicken processing plant. Federal law requires appellee to keep the floor of its plant wet while in operation. Consequently, those working in the plant could reasonably expect to get chicken fat and water on their shoes. Appellant is a federal meat inspector employed by the United States Department of Agriculture. For the nine months preceding his fall, appellant was assigned to appellee's plant and worked there five days a week, eight hours a day. A part of appellant's duties was to inspect the plant for hazardous or dangerous conditions and to report their existence for appellee's immediate correction. Appellee is required by law to provide a breakroom for the *exclusive* use of federal meat inspectors such as appellant. It was in this breakroom that appellant slipped and fell. Although new flooring had been installed in this breakroom several weeks before appellant fell, it was of the same quality and grade as the old flooring. Appellee maintained the new flooring in exactly the same manner in which the old flooring had been maintained. Despite his daily use of the breakroom and his knowledge that the floor of the breakroom was "extremely slippery," appellant never reported that the flooring presented a hazardous or dangerous condition. On the night before his fall, the flooring in the breakroom was maintained in the usual manner. On the day of his fall, appellant was walking across the floor of the breakroom in his usual manner when he slipped.

There is considerable doubt that appellant occupied the status of an invitee on appellee's business premises rather than that of a mere licensee. See generally *London Iron &c. Co. v. Abney*, 245 Ga. 759 (267 SE2d 214) (1980). However, assuming without deciding that appellant was an invitee, the trial court nevertheless correctly granted summary judgment in favor of appellee. Under the evidence, appellant had equal knowledge of the wet and greasy conditions to which one was generally exposed on appellee's premises and equal, if not superior, knowledge of the "extremely slippery" condition of the floor of the breakroom where he fell. " 'The basis of the proprietor's liability is his superior knowledge and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting, in view of his knowledge, assumes the risks and dangers incident to the known condition. (Cits.) It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted. (Cits.)' " *Bunch v. Stanton*, 174 Ga. App. 233, 235 (1) (329 SE2d 538) (1985). It is undisputed that, at

the time appellant slipped and fell, the condition of the breakroom floor was no different than it was on the numerous previous occasions that he passed over it without reporting to appellee that it constituted a hazardous or dangerous condition. "Construing the evidence most favorably for appellant, [he] had equal knowledge of the condition of the [breakroom] floor, which the undisputed evidence of record showed had not changed from the previous times [he] had passed over it. Accordingly, [appellee was] not liable for [his] injuries and the trial court correctly granted [its] motion for summary judgment." *MacDonald v. Vasselin*, 188 Ga. App. 467, 469 (2) (373 SE2d 221) (1988).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JANUARY 23, 1990.

*Clifford C. Perkins, Jr.*, for appellant.
*Alston & Bird, Jay D. Bennett, Susan B. Devitt*, for appellee.