A91A2035. HESTER et al. v. KROGER COMPANY.
(415 SE2d 540)

CARLEY, Presiding Judge.

As the result of injuries she sustained in a fall, appellant-plaintiff Mrs. Lucy M. Hester and her husband filed suit against appellee-defendant. Appellee answered and, after discovery, moved for summary judgment. The trial court granted summary judgment in favor of appellee and the instant appeal is taken from that order.

According to the allegations of the complaint, the fall had been caused by "the dangerous and defective condition of the asphalt adjacent to the entrance" to appellee's store. In her deposition, appellant testified that, as she exited appellee's store, she stepped into a hole that she had seen *before* she fell and that she did *not* recall having been distracted at the time of her fall. Under these circumstances, appellee's knowledge of the alleged "dangerous and defective" condition on its premises would be immaterial. Whatever knowledge appellee may have had, it obviously was *not* superior to that of appellant. If appellant's knowledge was at least equal to that of appellee, appellee's motion for summary judgment should be granted. *Gyles, Inc. v. Turner*, 184 Ga. App. 376 (361 SE2d 538) (1987).

Appellant cites later portions of her deposition testimony which she urges should be construed as indicating that she lacked equal knowledge of the hole or had been distracted at the time of her fall. However, the later portions of appellant's deposition testimony cannot be construed as she contends. A proper construction of the evidence demonstrates that the trial court correctly granted judgment in favor of appellee. " 'The basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn (the invitee) and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of (this) knowledge, assumes the risks and dangers incident to the known condition.' [Cits.]" *Gyles, Inc. v. Turner*, supra at 377.

*Judgment affirmed. Beasley, J., and Judge Arnold Shulman concur.*

DECIDED FEBRUARY 13, 1992.

*Susan A. Wheat*, for appellants.
*White, Orrison, Martin & Black, Terence A. Martin*, for appel-

lee.