A92A0708. O'BRIEN et al. v. FAIRFIELD COMMUNITIES, INC. et al.
(421 SE2d 723)

SOGNIER, Chief Judge.

After Helen O'Brien fell on the grounds at Lake Tara Gardens Townhouses at Fairfield Plantation, she brought suit against the property management company and the townhouse association to recover damages for injuries she incurred. Her husband, Joseph O'Brien, claimed damages for loss of consortium. The trial court granted summary judgment in favor of the defendants, and the O'Briens appeal.

The record reveals that appellants had reserved a unit at Lake Tara Gardens for their vacation and had driven to Georgia from their home in New York. When appellants arrived at Fairfield Plantation during the evening, they knew from radio reports and their own observations of snow and ice along the sides of the highways that the area had experienced a snowstorm. They stopped at the office to register, where they were given a map, directed to their unit, and told that the roads within the resort were fine except for certain marked areas, which did not include their unit. They had no trouble driving

to their unit but saw snow and ice on the sides of the road toward the end of their approach. When they turned into the driveway to their assigned unit, which was located atop an embankment, they had gone only a short distance up the hill when their car skidded on ice and spun around. Appellant Joseph O'Brien got out of the car briefly, observed the conditions, noted that the driveway was so icy he "could hardly stand up," returned to the car, drove it back to the bottom of the hill, and parked it on the road adjacent to the driveway. Both he and Ms. O'Brien got out of the car and observed conditions around them in order to decide whether and how to ascend the hill to their unit. They noticed that the embankment alongside the driveway was covered with snow, noticed that another unit was occupied, and saw two young men on the embankment who offered to help them carry their belongings. Appellants both testified at deposition that they were very familiar with the risks of ice and snow and felt they could judge conditions well, and although Ms. O'Brien testified they could have driven back to the registration center safely had they chosen to, they decided to walk up the embankment to reach their unit. Partway up the hill, Ms. O'Brien slipped on the snow and fell, injuring her ankle.

The trial court granted summary judgment in favor of appellees based on appellants' "equal and superior knowledge" of the condition of the embankment and their assumption of the risk inherent in attempting to ascend it.

1. Appellants contend their equal knowledge should not prevent their recovery because they exercised ordinary care under the circumstances. Appellants rely on our holding in *Clark v. Carla Gay Dress Co.*, 178 Ga. App. 157, 158 (342 SE2d 468) (1986) that the equal knowledge rule is not always determinative. However, *Clark* is distinguishable factually. The result in *Clark* turned on the foreseeability of a third party's criminal actions, whereas the case sub judice involves a static dangerous condition, as to which the rule is well established that " '(t)he basis of the proprietor's liability is his superior knowledge and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does . . . . (Cits.)' [Cits.]" Id. at 158-159. This case presents exactly the type of situation distinguished in *Clark*: one where the condition is known equally to the invitee and the host and therefore the invitee must anticipate the danger and *avoid it with ordinary care.* Id. at 159-160. The equal knowledge rule thus applies here, and because it is clear that appellants were, if anything, more aware of the particular hazard presented by the snowy embankment than appellees, they are precluded from recovering because of that knowledge. Accordingly, we find no error in the trial court's ruling on

this basis.

2. Appellants also maintain the trial court erred by granting summary judgment based on a finding that they assumed the risk of climbing the embankment, given questions of fact regarding whether the circumstances deprived them of any other reasonable alternative. We find distinguishable the cases cited by appellants, including *Kitchens v. Winter Co. Bldrs.*, 161 Ga. App. 701-703 (1) (289 SE2d 807) (1982) (construction worker's choices necessarily restricted by the conditions of his employment), and *Grier v. Jeffco Mgmt. Co.*, 176 Ga. App. 158 (335 SE2d 408) (1985) (tenant chose to encounter known hazards because no other means of ingress or egress available), given Ms. O'Brien's deposition testimony that weather conditions would not have prevented them from driving safely back to the registration center rather than climbing the snowy embankment "if [they] *had chosen to do so.*" (Emphasis supplied.)

Accordingly, given appellants' equal knowledge of the dangerous condition and their assumption of the risk of climbing the embankment, the trial court did not err by granting summary judgment in favor of appellees.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED JUNE 10, 1992.

*Perkins & Perkins, Clifford C. Perkins, Jr.,* for appellants.
*Webb, Carlock, Copeland, Semler & Stair, Wayne D. McGrew III, Todd M. Yates, Smith, Gambrell & Russell, David A. Handley, John D. Hipes, Powell, Goldstein, Frazer & Murphy, John T. Sparks,* for appellees.