## A92A1630. POWELL v. WOODRIDGE CONDOMINIUM ASSOCIATION, INC.
### (424 SE2d 855)

SOGNIER, Chief Judge.

Marsha Powell brought suit against Woodridge Condominium Association, Inc. seeking damages for injuries incurred when she slipped and fell on a stair on common property owned by the association. The trial court granted summary judgment to the association, and Powell appeals.

The record establishes that appellant leased a unit at Woodridge and moved there eight weeks before the incident in issue. Appellant stated in her deposition that because there was no assigned parking at that time, she parked her car in the upper lot behind her unit. A set of stairs made of railroad ties connected her unit with the upper parking lot. Appellant stated that she traversed the stairs twice a day every work day for eight weeks. She deposed that she was aware there was no handrail and that the stairs were "[y]our typical weathered railroad tie [steps]." She acknowledged that prior to her fall she considered the steps to be unsafe and knew that they were "splintered, cracked, [and] uneven," but that she did not report the alleged dangerous condition to appellee. It. is uncontroverted that appellee had not been notified by anyone else that the railroad tie steps were hazardous. Appellant deposed that on the day of her fall, the stairs were dry, the lighting was adequate, and there were no distractions. She was descending the stairs with her usual caution when her left heel caught in a crack in one of the ties and she fell, dislocating her elbow and fracturing a bone in her wrist. Appellant deposed that although she continued to park in the upper lot after her fall until she was assigned a parking space elsewhere, she did not use the stairs again but instead would travel between her unit and the upper parking lot via the adjacent street. In her affidavit filed in response to appellee's motion for summary judgment, appellant averred that prior to her fall she had "no knowledge or appreciation of the danger that the heel of my shoe would sink into a crack in one of the railroad crosstie steps."

"The decisive issues are: '(1) fault on the part of (appellee), and (2) ignorance of the danger on the part of the (appellant). (Cit.)' [Cit.]" *Shackelford v. DeKalb Farmer's Market,* 180 Ga. App. 348, 349 (1) (349 SE2d 241) (1986). We need not discuss the first issue because we agree with appellee that the second issue is dispositive of

this appeal.

Where the case involves a static dangerous condition, the rule is well established that "the basis of the proprietor's liability is his superior knowledge and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does." (Citations and punctuation omitted.) *O'Brien v. Fairfield Communities*, 204 Ga. App. 543, 544 (1) (421 SE2d 723) (1992). Appellant's testimony that she knew prior to her fall that the weathered railroad ties with their splinters and cracks were unsafe established that her knowledge was equal to appellee's. We do not agree with appellant that a question of fact for the jury was created by her averral that she did not know that when wearing shoes with heels she could step into one of the cracks and fall. While "it is a plaintiff's knowledge of the *specific* hazard which precipitates the slip and fall which is determinative, not merely [her] knowledge of the generally prevailing hazardous conditions or of the hazardous conditions which [she] observes and avoids," *Telligman v. Monumental Properties*, 161 Ga. App. 13, 16 (288 SE2d 846) (1982), that principle is not applicable here because the evidence reflected appellant's knowledge of both the general unsafe nature of the railroad tie steps and the specific hazard created by the steps, i.e., their splintered, cracked, and uneven state. Compare id. at 14-17 (2) (plaintiff's knowledge that general icy weather conditions existed did not constitute knowledge of presence of the specific icy patch on which she fell); *Atkinson v. Kirchoff Enterprises*, 181 Ga. App. 139 (351 SE2d 477) (1986) (plaintiff's knowledge of the general danger posed by a pile of construction debris did not constitute knowledge of the hidden danger posed by a sharp object contained in that debris which caused her injury).

While we have recognized that "knowledge of the defect" does not necessarily equal "knowledge of the danger," see generally *Robinson v. Western International Hotels Co.*, 170 Ga. App. 812, 814-815 (318 SE2d 235) (1984), "[t]he crucial question is whether [appellant] should have had a full appreciation of the danger, and in the exercise of ordinary care she should have avoided the injury to herself. . . . [Cits.]" (Punctuation and emphasis omitted.) *Food Giant v. Witherspoon*, 183 Ga. App. 465, 469 (359 SE2d 223) (1987). Given the absence of any factors that either interfered with appellant's appreciation of the danger posed by the cracked railroad tie steps (e.g., poor lighting, compare id., or weather conditions, compare *Shackelford*, supra) or distracted her from exercising due care for her own safety (e.g., traffic, compare *Globe Oil Co., USA v. DeLong*, 182 Ga. App. 395, 396-397 (1) (356 SE2d 47) (1987)), even when construed most favorably to appellant, the evidence demonstrates that appellee was

not liable to appellant because she had equal knowledge of the specific hazardous condition presented by the cracked railroad tie steps. See generally *Pierce v. Fieldale Corp.*, 194 Ga. App. 303 (390 SE2d 298) (1990); *Pound v. Augusta National*, 158 Ga. App. 166 (279 SE2d 342) (1981).

We do not agree with appellant that a different result is demanded by the cases she cites, e.g., *Grier v. Jeffco Mgmt. Co.*, 176 Ga. App. 158 (335 SE2d 408) (1985), which involve situations where the lack of an alternative to the dangerous route offset the plaintiff's knowledge of the danger. Those cases are not applicable here because appellant's testimony revealed there was another route she could have taken to her unit (of which she availed herself after the fall) and established that the route she chose was not one of necessity, but of convenience. See *Lindsey v. Housing Auth. of Atlanta*, 181 Ga. App. 814 (354 SE2d 13) (1987). Appellant's arguments regarding the applicability of *Thompson v. Crownover*, 259 Ga. 126 (381 SE2d 283) (1989) are controlled adversely to her by *Hall v. Thompson*, 193 Ga. App. 574, 575 (1) (388 SE2d 381) (1989).

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 4, 1992.

*Siler & Associates, William A. Dinges*, for appellant.
*Lokey & Bowden, Kevin S. Graham*, for appellee.