A92A2358. DUNN v. GOURMET OF MACON, INC.
(429 SE2d 282)

BLACKBURN, Judge.

Rosalyn Dunn brought suit against Gourmet of Macon, Inc., as owner and operator of Western Sizzlin' Steak House, and Florence Knight, owner of the real property on which the restaurant building is located, seeking damages for injuries allegedly incurred when she

slipped and fell while patronizing the restaurant. Defendant Gourmet of Macon, Inc. moved for and was granted summary judgment. Dunn appeals.

The record reveals that appellant fell after she stepped off the sidewalk leading to the restaurant into an irregularity in the parking lot pavement. The irregularity consisted of an unevenly-sloped depression in the pavement creating a shallow hole with a depth of one-and-one-half inches in which leaves, sand, and discarded cigarette butts had accumulated. Appellant's deposition testimony reveals that she knew the depression was there and that it contained the debris; that the lighting was adequate for her to recognize that she was stepping into a hole with debris in it; and that she deliberately stepped in the hole notwithstanding her realization that it was different from the surrounding area. However, she deposed that contrary to her assumption that the depression was a uniform flat area, she discovered that it "is not level. It slopes downward, and I was not aware of the slope — the amount of the slope at that time." She deposed that "apparently because of the debris, I did not recognize the slope of that part of the depression."

Appellant does not suggest that she did not know the hole sloped; rather, she maintains that the presence of the debris prevented her from knowing the steepness and the extent of the declivity. Hence, appellant contends that despite her knowledge of the existence of the hole, the debris therein, and its sloped sides, that knowledge does not preclude her recovery because her ignorance of the precise slope of the declivity creates a fact question whether she fully appreciated the danger posed by the debris on the steeper-than-anticipated slope when she stepped in the hole. We do not agree.

This court has held that "it is a plaintiff's knowledge of the *specific* hazard which precipitates the slip and fall which is determinative, not merely [her] knowledge of the generally prevailing hazardous conditions or of the hazardous conditions which [she] observes and avoids." *Telligman v. Monumental Properties*, 161 Ga. App. 13, 16 (288 SE2d 846) (1982). *Telligman* typifies the factual situation where that principle is applicable: although the plaintiff in *Telligman* knew of the general hazard created by the icy weather conditions prevailing at the time of her fall, that knowledge did not bar her recovery where the evidence reflected, inter alia, that she had no knowledge of the specific icy patch on which she fell. Accord *Atkinson v. Kirchoff Enterprises*, 181 Ga. App. 139 (351 SE2d 477) (1986) (plaintiff's knowledge of the general danger posed by a pile of construction debris did not constitute knowledge of the specific hazard created by the sharp object hidden in that debris which caused her injury). That principle is not applicable in the case at bar, however, because unlike the plaintiff in *Telligman*, appellant knew about the specific debris-filled hole

into which she stepped and, unlike the condition in *Atkinson*, there was nothing in that debris-filled hole except more hole than appellant assumed.

"While we have recognized that 'knowledge of the defect' does not necessarily equal 'knowledge of the danger,' [cit.], '(t)he crucial question is whether (appellant) should have had a full appreciation of the danger, and in the exercise of ordinary care she should have avoided the injury to herself. . . . (Cits.)' . . . [Cit.]" *Powell v. Woodridge Condo. Assn.*, 206 Ga. App. 176, 177 (424 SE2d 855) (1992). In *Powell*, plaintiff appreciated the danger posed by the possibility that the heel of her shoe could sink into one of the cracks and cause her to fall. Appellant's argument that her knowledge of the debris-filled hole into which she was stepping did not mean she appreciated the danger posed by her foot slipping in the debris on the slope of that hole is analogous to that posed in *Powell* and likewise should be rejected. Given that appellant deposed that the lighting was adequate, the weather was clear, and there were no factors distracting her from exercising due care for her own safety, see id.; see also *Hester v. Kroger Co.*, 202 Ga. App. 836 (415 SE2d 540) (1992), even when construed most favorably to appellant, the evidence demonstrates that "[w]hatever knowledge appellee may have had, it obviously was *not* superior to that of appellant." *Hester*, supra. Since appellant's knowledge of the hazardous condition presented by the debris-filled hole was at least equal to that of appellee, the grant of summary judgment to appellee was proper. See generally id.; *Pierce v. Fieldale Corp.*, 194 Ga. App. 303 (390 SE2d 298) (1990).

*Judgment affirmed. Pope, C. J., Birdsong, P. J., Carley, P. J., Beasley, Cooper, Andrews and Johnson, JJ., concur. McMurray, P. J., dissents.*

McMurray, Presiding Judge, dissenting.

In my view, Gourmet of Macon, Inc. d/b/a Western Sizzlin' Steak House, failed to carry its burden of showing that plaintiff's knowledge of the defect was equal to or greater than its knowledge of the defect. Accordingly, I respectfully dissent.

On December 17, 1989, plaintiff Rosalyn Dunn went to dinner at the Western Sizzlin' Steak House with her husband and son. The trio left the restaurant between 8:30 and 9:00 p.m., heading towards their car. Plaintiff's husband and son walked along the sidewalk adjacent to the restaurant; plaintiff followed them, a few steps behind. Plaintiff decided to take a little more direct route to the car: She stepped off the sidewalk to the parking lot; all of a sudden, her feet went out from under her and she fell flat on her back.

Plaintiff deposed that she slipped on debris (sand, leaves, cigarette butts) which had accumulated in a depression in the parking lot.

The depression was rectangular and was located between the sidewalk and a concrete parking curb. It was not evenly graded; rather, it sloped inward. In other words, it was somewhat deeper in the middle (about one-and-one-half inches deep) than on the sides.

Plaintiff further deposed that she intended to step carefully into the depression, realizing that it contained debris. She added that she did not see the depression as being "something that would cause [her] to slip as [she] did" and she did not comprehend "the total situation." Thus, although plaintiff deposed that she was aware of the depression and debris, she made it clear that she did not fully appreciate the danger it presented — she did not know the depression sloped and that debris would be sliding on it.

" '(I)t is a plaintiff's knowledge of the *specific* hazard which precipitates the slip and fall which is determinative, not merely his knowledge of the generally prevailing hazardous conditions or of the hazardous conditions which he observes and avoids.' [Cits.] Plaintiff knew of the [depression and debris] and knew that walking [on a depression can be] somewhat dangerous, but there is evidence that [she] did not know there was [a slope] underneath nor that the [slope and debris] caused a slippery condition." *Showalter v. Villa Prado Assoc.*, 182 Ga. App. 705, 706 (356 SE2d 895). See *Atkinson v. Kirchoff Enterprises*, 181 Ga. App. 139 (351 SE2d 477). Thus, it cannot be said that plaintiff's knowledge of the defect was equal to or greater than that of Western Sizzlin'.

In my view, the majority's reliance upon *Powell v. Woodridge Condo. Assn.*, 206 Ga. App. 176 (424 SE2d 855), is misplaced. In that case, the plaintiff was aware of the full extent of the danger, i.e., the crack in the railroad crosstie. Nothing prevented that plaintiff from seeing the crack for what it was. In the case sub judice, on the other hand, plaintiff was not aware of the full extent of the danger. She had no way of knowing that the depression sloped (and that the debris would slide) because the depression was filled with debris.

DECIDED MARCH 3, 1993 —
RECONSIDERATION DENIED MARCH 16, 1993 — 

*Reynolds & McArthur, Charles M. Cork III*, for appellant.
*Anderson, Walker & Reichert, Robert A. B. Reichert, Brown W. Dennis, Jr.*, for appellee.