A07A1436. BREWER v. ATLANTA SOUTH 75, INC.
(655 SE2d 631)

ADAMS, Judge.

A trial court granted summary judgment to the truck stop Atlanta South 75, Inc. (Atlanta South) concerning Michael Brewer's claim for personal injury arising from his fall there. Because questions of fact remain concerning Atlanta South's superior knowledge of the height differential over which Brewer allegedly fell, we reverse.

On appeal from a grant of a motion for summary judgment, we review the evidence de novo, viewing it in the light most favorable to the nonmovant, to determine whether a genuine issue of fact remains and whether the moving party is entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).

So viewed, the record shows that Brewer, a commercial truck driver, pulled his truck up to a fuel island at Atlanta South's truck stop at around 8:00 a.m. Brewer had been to the truck stop before. His truck had a fuel tank on each side, and he filled the driver's side tank first. Brewer then walked around the front of his truck in order to fill the passenger's side tank. As he did so, he stepped on some uneven concrete and fell. According to Brewer, the height differential between the two parts of the concrete amounted to three or four inches, "like a step," and was located just in front of Brewer's truck. Brewer testified that "I was just walking around the corner of the truck. The truck kind of blocks your view off; and right when I came around the

---

corner, I stepped. The next thing I knew, I was hitting the concrete." After the accident, Brewer noted that deteriorated areas appeared "in several different places" in the concrete. As a result of the fall, Brewer suffered a broken foot and incurred medical bills and lost wages.

As a preliminary matter, it is plain that the gap or step between the concrete slabs, as well as the placement of the fuel island in relation to them, amounted to a static condition.

> Where the case involves a static dangerous condition, the rule is well established that the basis of the proprietor's liability is his superior knowledge and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does.

(Citation and punctuation omitted.) *Powell v. Woodridge Condo. Assn.*, 206 Ga. App. 176, 177 (424 SE2d 855) (1992) (stairs between condominium and parking lot were a static condition). The issue, then, is whether a question of fact remains concerning Atlanta South's superior knowledge of the height differential over which Brewer fell.

In *Christensen v. Overseas Partners Capital*, 249 Ga. App. 827 (549 SE2d 784) (2001), this Court held that a 1 1/2- to 2-inch differential between a handicap ramp and parking deck pavement raised questions of fact concerning the owner's superior knowledge. We concluded that "[a] jury could infer that this concrete gap, a static condition, had existed for a sufficient time for an inspection to discover it and to remove the danger[,]" and that Christensen's testimony that she had not seen the height differential forbade the conclusion that she had previously negotiated the differential or had equal knowledge of it. Id. at 828-830 (1), (2). Here, Atlanta South has produced no evidence to negate Brewer's contention that the height differential was sufficiently visible, when not obstructed by a properly parked vehicle, as well as longstanding, to allow Atlanta South to discover and to remedy it.

Citing precedent including *Pirkle v. Robson Crossing*, 272 Ga. App. 259 (612 SE2d 83) (2005), Atlanta South argues that Brewer cannot recover because the differential was open and obvious. Indeed, Atlanta South cited its own photographs of the site to prove this point below. The fact remains, however, that Atlanta South has produced no evidence to disprove Brewer's testimony that his properly parked truck prevented him from seeing the height differential. As our Supreme Court held in *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403) (1997):

[A]n invitee's failure to exercise ordinary care is not established as a matter of law by the invitee's admission that he did not look at the site on which he placed his foot or that he could have seen the hazard had he visually examined the floor before taking the step which led to his downfall. Rather, the issue is whether, taking into account all the circumstances existing at the time and place of the fall, the invitee exercised the prudence the ordinarily careful person would use in a like situation.

Id. at 748 (2) (b).

The dissent cites *Pirkle* for its proposition that Brewer's act of parking his truck "in [a] spot of his choosing" created a "distraction . . . of his own making." It is illogical to characterize the parking of a vehicle next to a fuel pump for the purpose of refueling as the negligent creation of a "distraction." On the contrary, Brewer's truck was parked in one of the few places in the truck stop where that authorized purpose could be accomplished. Finally, while the plaintiff in *Pirkle* testified that she saw the curb over which she tripped but "just did not notice its height," 272 Ga. App. at 260, just as "nothing" prevented the plaintiff in *Nemeth v. RREEF America*, 283 Ga. App. 795, 796 (643 SE2d 283) (2007), "from seeing where he was walking," there is no evidence from which we can infer, as a matter of law, that Brewer saw the height differential at issue here before he fell. See *Christensen*, 249 Ga. App. at 830 (2) (plaintiff's testimony that she did not see height differential in concrete forbade conclusion that she had equal knowledge of that differential); compare *Sherrod v. Triple Play Café*, 285 Ga. App. 689 (647 SE2d 376) (2007) (plaintiff who had previously stepped up from green astroturf onto dark rubberized surface had equal knowledge of height differential).

Because a question of fact remains concerning Brewer's fault for his failure to see the height differential over which he fell, the trial court erred when it granted summary judgment to Atlanta South.

*Judgment reversed. Johnson, P. J., Blackburn, P. J., Ellington, Phipps and Mikell, JJ., concur. Andrews, P. J., dissents.*

ANDREWS, Presiding Judge, dissenting.

Because I believe that the trial court correctly granted summary judgment to Atlanta South based on the fact that any distraction was of Brewer's own making, I must respectfully dissent.

As the majority states, an invitee may recover if he can show that the owner had actual or constructive knowledge of the hazard and that the invitee lacked knowledge of the hazard, despite the exercise

of ordinary care, *due to the actions or conditions within the control of the owner.* Robinson v. Kroger Co., 268 Ga. 735, 748-749 (493 SE2d 403) (1997).

It is not disputed that, while walking around the front of his tractor, which obscured his view of the ground, Brewer did not take the opportunity to see if any deteriorated areas awaited him as he rounded the tractor. Any distraction which prevented his observing the defect was of his own making, having parked the tractor trailer in the spot of his choosing. See *Pirkle v. Robson Crossing*, 272 Ga. App. 259 (612 SE2d 83) (2005).

Therefore, I believe that summary judgment was correctly granted to Atlanta South.

DECIDED NOVEMBER 20, 2007 —
RECONSIDERATION DENIED DECEMBER 10, 2007.

*David H. Wood*, for appellant.

*Barrickman, Allred & Young, Fredric S. Young, Elizabeth G. Howard*, for appellee.