### A07A1856. CALLAWAY GARDENS RESORT, INC. et al. v. BIERMAN et al.
(658 SE2d 895)

SMITH, Presiding Judge.

In this premises liability action, Joanna Bierman and Bob Bierman sued Callaway Gardens Resort, Inc. and the Ida Cason Callaway Foundation (Callaway) for injuries Joanna Bierman sustained when she fell from an outdoor deck.[1] We granted this application for interlocutory appeal to review the trial court's denial of Callaway's motion for summary judgment. Because Joanna Bierman had actual knowledge not only of the alleged hazard, but of the specific danger it presented, the trial court erred in denying Callaway's motion for summary judgment. We therefore reverse.

Summary judgment is appropriate when no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). "On appeal, we review the grant or denial of summary judgment de novo, construing the evidence and all inferences in a light most favorable to the nonmoving party." (Citation and footnote omitted.) *Pirkle v. Robson Crossing*, 272 Ga. App. 259 (612 SE2d 83) (2005).

So viewed, the record reveals that Joanna Bierman was preparing to have lunch with her two daughters, two granddaughters, and two great-grandchildren at the Discovery Center Café at Callaway Gardens Resort. Bierman became concerned that their table was too close to the edge of the deck, which had no guardrail and was 30 inches above the ground. Rather than request that Callaway Gardens personnel move the table, she decided to move the table herself further away from the edge for the safety of the children in her party.

---

[1] Bob Bierman sued for loss of consortium.

As Bierman walked backward while dragging one of the chairs, she stepped over the edge of the deck and fell into an azalea bush, injuring her knee and leg.

It is well settled that in order to recover in a trip and fall case "an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Robinson v. Kroger Co.*, 268 Ga. 735, 749 (2) (b) (493 SE2d 403) (1997). With regard to the second prong, we must determine "whether the record shows plainly, palpably and without dispute that plaintiff had knowledge of the hazard equal or superior to that of defendants or would have had equal or superior knowledge had the plaintiff exercised ordinary care for personal safety." (Citation, punctuation and footnote omitted.) *Pirkle*, supra, 272 Ga. App. at 260.

Moreover,

[w]here the case involves a static dangerous condition, the rule is well established that the basis of the proprietor's liability is his superior knowledge and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does.

(Citation and punctuation omitted.) *Powell v. Woodridge Condo. Assn.*, 206 Ga. App. 176, 177 (424 SE2d 855) (1992); see also *Brewer v. Atlanta South 75*, 288 Ga. App. 809, 810 (655 SE2d 631) (2007).

Here, Bierman deposed that she was aware of where the "deck ended and that there was a small drop off there." She stated further that she and family members decided to "move things around away from the edge because the children, we don't want them to run and fall off." The Biermans argue, however, that Joanna Bierman did not have knowledge of the *specific* hazard caused by the "L" shape of the deck (which created two open perpendicular sides around the table), pointing out that she fell near the corner where the two sides connected. Indeed we have held that "it is a plaintiff's knowledge of the *specific* hazard which precipitates the slip and fall which is determinative, not merely her knowledge of the generally prevailing hazardous conditions or of the hazardous conditions which she observes and avoids." (Citation and punctuation omitted.) *Powell*, supra, 206 Ga. App. at 177.

But Bierman's deposition testimony establishes that she was aware of the open and obvious specific hazard caused by the "indentation" on one side of the deck. She stated that she "just forgot about the indentation" and that she "was just probably moving fast."

Even assuming Callaway had actual knowledge of the hazard, Bierman's own testimony establishes that she had knowledge of both the general unsafe nature and shape of the raised deck and the specific hazard created by it, and that she "should have had a full appreciation of the danger, and in the exercise of ordinary care she should have avoided the injury to herself." (Citation and punctuation omitted.) *Powell*, supra, 206 Ga. App. at 177. We therefore hold that the Biermans' claim fails under the second prong of *Robinson*, supra, and that the trial court erred in denying Callaway's motion for summary judgment.

*Judgment reversed. Barnes, C. J., and Miller, J., concur.*

DECIDED MARCH 7, 2008.

*Page, Scrantom, Sprouse, Tucker & Ford, J. Ronald Mullins, Jr., Marcus B. Calhoun, Jr.*, for appellants.
*Glover & Davis, Peter A. Durham*, for appellees.