**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 22, 2014**

# In the Court of Appeals of Georgia

A14A1497. MILLEDGEVILLE MANOR PARTNERS, LLC v. LEWIS.

ELLINGTON, Presiding Judge.

We granted the application for interlocutory review filed by Milledgeville Manor Partners, LLC ("MMP") to consider whether the Superior Court of Baldwin County erred in denying MMP's motion for summary judgment in this premises liability suit brought by Patricia Lewis. Because the undisputed evidence establishes as a matter of law that Lewis's knowledge of the hazard on MMP's property was equal or superior to that of MMP, we reverse.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. On appeal from the grant or denial of a motion for summary judgment, we review the evidence de novo, and all reasonable conclusions and inferences

drawn from the evidence are construed in the light most favorable to the nonmovant.

(Citations, punctuation and footnotes omitted.) *Jones v. Barrow*, 304 Ga. App. 337 (696 SE2d 363) (2010).

So viewed, the record reveals the following relevant facts. Lewis was a tenant of MMP and used a clothesline behind her apartment. While using the clothesline one day, she noticed a small hole in the ground. In the weeks thereafter, the hole appeared to get larger. Eventually, Lewis informed a fellow tenant, whom MMP paid to keep the grounds free of trash (hereinafter, the "groundskeeper"), about the hole and pointed out its location. Lewis also told another unidentified MMP employee about the hole. However, Lewis did not check the hole thereafter to determine whether the groundskeeper, the unidentified employee, or MMP had taken any action to repair the hole.

On May 24, 2011, roughly two and one-half weeks after notifying the groundskeeper about the hole, Lewis walked out the back door of her apartment to visit a local store. She crossed the area near the clothesline, stepped into the hole, and fell, fracturing her ankle. Lewis claimed that, at the time, the hole was approximately

2

six inches deep and large enough to fit a man's size 11 shoe. According to Lewis, she did not see the hole that day because grass had grown over the hole, hiding it.

1. MMP contends that the trial court erred in denying its motion for summary judgment because Lewis knew that the hole was present and such knowledge was equal to or greater than its own. We agree.

> [T]he true ground of liability [in a premises liability suit] is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted. One who is familiar with the premises cannot rely for recovery upon the negligence of the defendant in failing to correct a patent defect where such party had equal means with the defendant of discovering it or equal knowledge of its existence.

(Citations and punctuation omitted.) *Landings Assn. v. Williams*, 291 Ga. 397, 399 (728 SE2d 577) (2012). Accordingly, if the undisputed evidence shows that Lewis had equal knowledge of the hazard as MMP, she cannot recover on her premises liability claim, and summary judgment is proper.

The admissions made by Lewis confirm that she had actual knowledge of the hazard. She noticed the hole well in advance of her injury, watched the hole widen

over time, and personally reported it to the groundskeeper and another MMP employee.

In *Landings Assn. v. Williams*, Williams died after being attacked by an alligator while she was walking near a lagoon after dark in a planned residential development. 291 Ga. at 397-398. Her estate sued the owner of the development for negligence in failing to remove the alligators, but the Supreme Court ruled that Williams's knowledge of the presence of alligators barred her recovery. Id. at 399-400. The undisputed evidence showed that Williams had been told that there were alligators in the lagoon, that she had previously seen an alligator along the roadway, and that she had expressed a desire to avoid alligators. Id. at 398. Under these circumstances, the Supreme Court ruled that Williams's decision to take an evening walk beside the lagoon "indisputably shows that Williams either knowingly assumed the risks of walking in areas inhabited by wild alligators or failed to exercise ordinary care by doing so." Id. at 399. The fact that Williams did not have specific knowledge that the alligators in the lagoon were large and aggressive did not matter; her actual knowledge of the presence of wild alligators in the area where she walked after dark was sufficient to preclude her recovery. Id. at 400. Likewise, Lewis's actual knowledge of the existence of the hole in the grassy area precludes her recovery in

4

this case. See id. at 399 (noting summary judgment on the issue of negligence is authorized when the evidence is "plain, palpable and undisputable"); see also *Hester v. Kroger Co.*, 202 Ga. App. 836 (415 SE2d 540) (1992) ("[I]f [an] invitee knows of the condition or hazard[,] there is no . . . liability for resulting injury because the invitee has as much knowledge as the proprietor does[.]") (citation and punctuation omitted); see generally *Dunn v. Gourmet of Macon*, 207 Ga. App. 826 (429 SE2d 282) (1993).

Even so, Lewis contends that the overgrown grass hiding the hole created a jury question as to whether she exercised reasonable care despite her actual knowledge of the hazard.[1]

"[A]n invitee must exercise ordinary care to avoid the consequences of any . . . negligence on the part of an owner/occupier, and the failure to do so bars an invitee's recovery against the owner/occupier. OCGA § 51-11-7[.]" (Citation omitted.) *Gaydos v. Grupe Real Estate Investors*, 211 Ga. App. 811, 812 (440 SE2d

---

[1] See *Pinder v. H & H Food Svcs.*, __ Ga. App. __, __ (2) (756 SE2d 721) (2014) (physical precedent only) (finding a jury question existed as to whether the plaintiff exercised reasonable care because the plaintiff had not previously negotiated the hazard, there was no evidence that she had actual knowledge of its existence, and there was some evidence that the hazard was not apparent from the direction the plaintiff was walking).

5

545) (1994). In *Gaydos*, the plaintiff exited her apartment and walked across the lawn to get to her car. Id. at 811-812. As she approached the lot, she tripped and fell when she stepped down into a crack in the curb. Id. at 812. The plaintiff's expert examined the parking lot and testified that the hazard would not have been visible upon ordinary inspection by a person walking in an ordinary manner. Id. In affirming the grant of summary judgment to the defendant landlord, this Court held:

> Even if the . . . defect in this case was not completely visible upon ordinary inspection . . . , [Gaydos] was aware of that *lack of visibility* and should have exercised greater caution for her own safety. Gaydos' failure to react to the diminished visibility of the parking lot beyond the curb, and conduct herself accordingly, itself constituted a failure to exercise ordinary care for her own safety [as a matter of law].

(Emphasis in original.) Id. at 813.

Accordingly, even though the hole in the instant case was hidden by overgrown grass, the lack of visibility does not alter the undisputed fact that Lewis was aware of its existence, thereby triggering a heightened burden for her to exercise greater caution.[2] Yet the plain, palpable and uncontradicted evidence shows that,

---

[2] Cf. *Shackelford v. DeKalb Farmer's Mkt.*, 180 Ga. App. 348, 350-352 (2) (349 SE2d 241) (1986) (reversing the grant of summary judgment to the premises owner when there was evidence that, despite the fact that the plaintiff had previously

notwithstanding the fact that grass concealed the hole, Lewis still chose to walk across the area where she knew the hole was located. Thus, Lewis cannot prevail on her claim as a matter of law, and MMP was entitled to summary judgment. See id.; see also *Landings Assn. v. Williams*, 291 Ga. at 399.

2. Given our holding in Division 1, MMP's remaining claims of error are moot.

*Judgment reversed. Phipps, C. J., and McMillian, J., concur.*

---

visited the store and may have been aware of the hazardous condition, jury issues existed as to whether an optical illusion concealed the hazard and whether the plaintiff was distracted by the need to avoid passing vehicular traffic).