**FOURTH DIVISION**
**ELLINGTON, P. J.,**
**BRANCH and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 9, 2017**

# In the Court of Appeals of Georgia

A16A2118. JOE ENTERPRISE, LLC d/b/a IHOP RESTAURANT
v. KANE.

BRANCH, Judge.

Moments after plaintiff Janet Kane left an IHOP restaurant, she fell on a ramp leading from the sidewalk in front of the restaurant into its parking lot. Kane later brought this negligence action against Joe Enterprise, LLC, the owner of the restaurant. On this appeal, Joe Enterprise argues that the trial court erred when it denied Joe Enterprise's motion for summary judgment because Kane successfully negotiated the same ramp shortly before her fall and because any hazard posed by the ramp was open and obvious. We agree and reverse.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the

nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case.

*Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991) (emphasis omitted).

Thus viewed in favor of Kane, the record shows that on the morning of March 16, 2013, a "beautiful" and clear day, Kane's husband drove Kane and the couple's granddaughter to an IHOP restaurant in Kingsland, Georgia, and parked the family's car legally in a handicapped parking space to the left of a concrete ramp leading from the parking surface to the sidewalk. The curb rose three-and-a-half inches above the parking surface. The ramp, which was made of concrete, tapered at its left and right sides but was flush with the sidewalk at its center. Neither the sidewalk nor the ramp was painted along the line where the two met each other. Kane, who had previously visited this IHOP, exited the car, "walked up the ramp" from the parking surface to the sidewalk, and entered the restaurant. After their meal, the Kanes left the restaurant. As Kane stepped off the sidewalk and "one or two steps" onto the ramp, she felt "unevenness" under "both of [her] feet," and testified that "it just took me and

2

spun me out and I wound up on my bottom on the ramp." Kane suffered a broken leg and other injuries as a result.

Kane first testified that she could not draw a circle to show where she was stepping when she fell. When questioned further, however, Kane testified that she was "positive" or "almost positive" that she walked onto the "middle" of the ramp. On cross-examination, Kane also testified that she fell while attempting to walk over the right side of the ramp where it flared down from the sidewalk toward the restaurant entrance side of the parking lot, and she circled a photograph of the scene to show the location of her fall. Kane also retained an expert, Mark Williams, who testified that on the basis of his inspection of the photographs of the scene, "[t]he unmarked drop-off [of the ramp's side flares] at the concrete sidewalk curb . . . created a deception for pedestrians" descending the ramp. Williams also testified that the ramp violated a variety of safety standards, including the Americans with Disabilities Act Accessibility Guidelines.

After moving to exclude the expert's testimony on grounds including that he had not visited the actual site of the accident, Joe Enterprise moved for summary judgment. Without ruling on the motion to exclude the expert's testimony, but relying in part on that testimony, the trial court held that questions of fact remained as to

whether Kane had equal knowledge of any hazard presented by the ramp and whether Kane exercised reasonable care under the circumstances. We granted Joe Enterprise's application for interlocutory review. On appeal, Joe Enterprise argues that the trial court erred when it denied the motion for summary judgment because Kane successfully negotiated the ramp on her way into the restaurant and because any defect in the ramp was open and obvious.

1. As a preliminary matter, we note that because Kane has not explained the inconsistencies in her testimony as to where she fell, she can only speculate as to what caused her fall.

> In considering a motion for summary judgment, all the evidence is normally construed in favor of the nonmoving party, but testimony by the nonmoving party which contradicts other testimony given by the nonmoving party will be construed against that party, unless a reasonable explanation for the contradiction is offered.

*Hall v. Norfolk Southern R. Co.*, 258 Ga. App. 712, 715 (574 SE2d 902) (2002), citing *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (1) (343 SE2d 680) (1986).

Kane appears to argue that her fall was proximately caused by the lack of any color demarcation between the edge of the sidewalk and the side flares of the ramp.

4

But Kane has offered no explanation for the inconsistencies between her initial refusal to say where she fell, her later testimony that she was "almost positive" that she fell in the middle of the ramp (where it is flush with the sidewalk), and her final circling of the photograph to suggest that she fell on the right side of the ramp. "[E]ven if we were to assume a genuine issue with regard to the existence of a hazard," then, "speculation and conjecture" are the "only support" for the conclusion that any specific defect in the ramp's design, including the sloping away of the two sides of the ramp, caused Kane to fall. Under these circumstances, summary judgment must be granted to Joe Enterprises. See *Pinckney v. Covington Athletic Club and Fitness Ctr.*, 288 Ga. App. 891, 893-894 (655 SE2d 650) (2007) (citation omitted) (applying the *Prophecy* rule and holding that where evidence did not raise a genuine issue of fact as to why plaintiff fell, summary judgment was properly granted to defendant); *Pennington v. WJL, LLC*, 263 Ga. App. 758, 761 (2) (589 SE2d 259) (2003) (affirming grant of summary judgment to defendant when the only causation evidence was the presence of hoses at the accident scene and "speculation after the fact" that plaintiff must have tripped over them); *Moore v. Teague*, 255 Ga. App. 220-221 (564 SE2d 817) (2002) (affirming grant of summary judgment to defendant

5

where plaintiff "assumed" she slipped on wet floor, but "did not actually know if the floor was wet" and did not know why she slipped).

2. As Joe Enterprises argues, moreover, Kane's proffered evidence of a "deceptive" condition does not create a genuine question of fact as to whether the restaurant had superior knowledge of the ramp's alleged defects. As in *Norwich v. The Shrimp Factory*, 332 Ga. App. 159 (770 SE2d 357) (2015), Kane's successful negotiation of the ramp shortly before her fall bars recovery.

In order to recover for injuries sustained in a fall, an invitee such as Kane "must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997); see also *American Multi-Cinema v. Brown*, 285 Ga. 442, 444 (2) (679 SE2d 25) (2009). As to the second prong of the *Robinson* test, we are authorized to reverse a denial of summary judgment to the defendant only when "the record shows plainly, palpably and without dispute that plaintiff had knowledge of the hazard equal or superior to that of defendants or would have had equal or superior knowledge had the plaintiff exercised ordinary care for personal safety." *Callaway Gardens Resort.*

*v. Bierman*, 290 Ga. App. 111, 112 (658 SE2d 895) (2008) (citation and punctuation omitted).

When a plaintiff's suit involves a static condition such as the ramp at issue here, and when "[the] invitee knows of the condition or hazard[,] there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does." *Callaway Gardens*, 209 Ga. App. at 112, quoting *Powell v. Woodridge Condo. Assn.*, 206 Ga. App. 176, 177 (424 SE2d 855) (1992); see also *Brewer v. Atlanta South 75*, 288 Ga. App. 809, 810 (655 SE2d 631) (2007). This is so because "'a claim involving a static defect differs from other slip and fall cases in that *when a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have equal knowledge of it* and cannot recover for a subsequent injury resulting therefrom." *Perkins v. Val D'Aosta Co.*, 305 Ga. App. 126, 128 (699 SE2d 380) (2010) (citations and punctuation omitted; emphasis supplied). The rule imputing knowledge to an invitee of the danger posed by a premises feature is limited "to cases involving a static condition that is *readily discernable* to a person exercising reasonable care for his own safety." *Strauss v. City of Lilburn*, 329 Ga. App. 361, 364 (765 SE2d 49) (2014) (citation and punctuation omitted; emphasis in original); see

7

also *Perkins*, 305 Ga. App. at 128-129. Such a limitation "is simply a restatement of the truism, still applied, that a plaintiff is held to have knowledge of an open and obvious condition." *Norwich*, 332 Ga. App. at 162 (punctuation omitted); see also *Wright v. K-Mart Corp.*, 286 Ga. App. 765 (650 SE2d 300) (2007) (no error in granting a store summary judgment as to plaintiff's claim arising from a trip over store's shelf corner); *Music v. Steamco, Inc.*, 265 Ga. App. 185, 186 (593 SE2d 370) (2004) (plaintiff was held to have had equal knowledge of water on steps leading from restaurant).

As we emphasized in *Norwich*, "'it is the plaintiff's knowledge of the *specific* hazard which caused the fall that determines whether the plaintiff can prevail on a premises liability claim.'" 332 Ga. App. at 163 (emphasis in original), quoting *Orff v. Stonewood Restaurant Group*, 285 Ga. App. 488, 490 (646 SE2d 702) (2007).[1] Here, the record shows without dispute that Kane successfully traversed the ramp, which included its sloping sides, on her way into the restaurant, and there is no evidence that conditions had changed such that her perception of the ramp could have

---

[1] Although our whole-court decision in *Norwich* appeared more than a year before the trial court filed the order at issue in this appeal, the trial court did not cite or discuss that decision, which distinguished many of the cases on which that court relied.

8

been materially different during her departure from the restaurant. See *Norwich*, 332 Ga. App. at 163 (affirming grant of summary judgment when plaintiff had successfully negotiated a step up into a bathroom stall shortly before she attempted to descend the step under the same lighting conditions and fell); *Orff*, 285 Ga. App. at 490 (affirming grant of summary judgment when plaintiff stepped up into an elevated booth two hours before attempting to descend the same step).[2]

Kane's reliance on expert testimony to create a question of fact as to her equal knowledge of the hazard is also unavailing. Kane proffered expert testimony as to the "deceptive" conditions posed by the ramp, including the absence of warning strips along the sections where it sloped down toward the parking lot surface and fell away

___

[2] *Christensen v. Overseas Partners Capital*, 249 Ga. App. 827 (549 SE2d 784) (2001), cited by the trial court and on appeal, does not require a different result. There, the bottom of an uneven handicapped ramp was "sunken in" below the level of the parking deck pavement, and the plaintiff testified that she did not notice the height differential as she stepped from the parking deck onto the ramp without incident on her way into a building, such that the height differential would not have been visible except by looking specifically downward at the moment she crossed onto the ramp or by looking backward after doing so successfully. Id. at 828. We noted that the height differential in that ramp was "not noticeable" on entering that building, such that we "[could] not conclude as a matter of law that [the plaintiff] negotiated the allegedly dangerous condition on her way up the ramp." Id. at 829 (2). By contrast, the height differential between the sides of this ramp and the sidewalk is plain in the photograph of the ramp provided by Kane herself, and would have been so to any person approaching the ramp from the parking lot on a clear day.

9

from the sidewalk. As we noted in *Norwich*, however, any "reliance on expert testimony [as to] an 'apparent continuity' appearing from one angle but not another would gut the longstanding rule that the successful negotiation of an obvious, static, and specific hazard, . . . bars recovery for injuries sustained in a fall on the way back down the same hazard." 332 Ga. App. at 163.

We understand that an invitee like Kane "is not . . . required, in all circumstances, to look continuously at the [ground or] floor, without intermission, for defects." *American Multi-Cinema*, 285 Ga. at 447 (3) (punctuation and footnote omitted). But "the ultimate issue in this case is whether the owner of this property was negligent in maintaining a hazardous condition on the property, which fault cannot arise from a failure to warn an invitee of the obvious." *Norwich*, 332 Ga. App. at 164 (citation and punctuation omitted). Because any hazard posed by the ramp was open and obvious under the undisputed conditions under which Kane successfully traversed the ramp, the trial court erred when it denied summary judgment to Joe Enterprises for Kane's claim arising from her fall down the same ramp under the same conditions.

*Judgment reversed. Mercier, J., concurs. Ellington, P. J., concurs in judgment only.*