**FIFTH DIVISION
MCFADDEN, C. J.,
MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 10, 2020**

# In the Court of Appeals of Georgia

A19A2235. RIDLEY v. DOLGENCORP, LLC.

PHIPPS, Senior Appellate Judge.

In this trip and fall suit, Shirley Ridley appeals from the trial court's grant of summary judgment in favor of the defendant, Dolgencorp, LLC ("the store owner"). Ridley contends that the trial court erred in ruling that (1) the store premises did not contain a hazardous condition; (2) Ridley possessed knowledge of the hazardous defects; and (3) the distraction theory could not apply. For the reasons that follow, we affirm.

"Summary judgment is appropriate when no genuine issues of material fact remain and the movant is entitled to judgment as a matter of law. On appeal, we review the grant or denial of summary judgment de novo, construing the evidence and all inferences in a light most favorable to the nonmoving party." (Punctuation and

footnote omitted.) *McLemore v. Genuine Parts Co.*, 313 Ga. App. 641, 641 (722 SE2d 366) (2012).

So viewed, the record shows that at approximately 10:00 a.m. on October 23, 2015, Ridley visited the Dollar General store located on Highway 41 in Ringgold, GA ("the store" or "the premises"). Ridley was driven to the store by her neighbor, who parked her car in the parking lot on the side of the store. The store's parking lot contained raised, concrete blocks ("parking abutments") in the parking spaces. The parking abutments for the disabled parking spaces were painted blue, but the other parking abutments were unpainted. Several racks displaying clothing items and other merchandise were located on the sidewalk beside the store's front doors. Before Ridley entered the store, she walked through the parking lot area and successfully side-stepped the display racks. Ridley entered the store, shopped, and completed her purchase within ten minutes after her arrival at the store.

Ridley contends that when she exited the store and walked toward the parking lot, she became distracted by a display rack on the sidewalk and by other customers who were entering and exiting the store. While looking at the display rack and the ground around the display rack, Ridley stepped down from the sidewalk onto the parking pavement, and the toe of her shoe hit an unpainted, slanted parking abutment.

2

She tripped over the parking abutment and fell forward. As a result of the fall, Ridley allegedly suffered injuries to her knee, elbow, and head, which required surgery and rehabilitative physical therapy.

Ridley filed suit for damages against the store owner, alleging that the store owner had breached its duty to keep its premises safe. After conducting discovery, the store owner filed a motion for summary judgment. The trial court entered an order granting the store owner's motion, from which Ridley appeals.

Generally,

[t]o recover on a theory of premises liability, a plaintiff must show injury caused by a hazard on an owner or occupier of land's premises or approaches that the owner or occupier should have removed in the exercise of ordinary care for the safety of the invited public. When a premises liability cause of action is based on a "trip and fall" or "slip and fall" claim — and the lion's share of premises liability cases are — we have refined this general test down to two specific elements. The plaintiff must plead and prove that: (1) the defendant had actual or constructive knowledge of the hazard; and (2) the plaintiff, despite exercising ordinary care for his or her own personal safety, lacked knowledge of the hazard due to the defendant's actions or to conditions under the defendant's control.

3

(Footnotes omitted.) *American Multi-Cinema, Inc. v. Brown*, 285 Ga. 442, 444 (2)

(679 SE2d 25) (2009). And where, as here, allegedly dangerous static conditions are

involved,

> the rule is well established that the basis of the proprietor's liability is
> his superior knowledge and if his invitee knows of the condition or
> hazard there is no duty on the part of the proprietor to warn him and
> there is no liability for resulting injury because the invitee has as much
> knowledge as the proprietor does.

(Citation omitted.) *Brewer v. Atlanta South 75, Inc.*, 288 Ga. App. 809, 810 (655

SE2d 631) (2007). As such, in cases involving a static defect, "when a person has

successfully negotiated an alleged dangerous condition on a previous occasion, that

person is presumed to have equal knowledge of it and cannot recover for a subsequent

injury resulting therefrom." (Citation and punctuation omitted.) *Perkins v. Val

D'Aosta Co.*, 305 Ga. App. 126, 128 (699 SE2d 380) (2010). "If nothing obstructs the

invitee's ability to see the static condition, the proprietor may safely assume that the

invitee will see it and will realize any associated risks." (Punctuation and footnote

omitted.) *McLemore*, 313 Ga. App. at 643. "[O]ne is under a duty to look where [s]he

is walking and to see large objects in plain view which are at a location where they

are customarily placed and expected to be." (Citation and punctuation omitted.) *Robinson v. Kroger Co.*, 268 Ga. 735, 742 (1) (493 SE2d 403) (1997).

Here, Ridley claims that she tripped and fell over a concrete parking abutment, which was a static condition existing in the store's parking lot. She contends that the parking abutment was hazardous because it was unpainted and slanted.[1] But even assuming that the parking abutment was a hazardous condition of which the store owner had knowledge, Ridley's claims against the store owner are precluded because the undisputed evidence establishes that Ridley had equal knowledge of the hazard and failed to exercise ordinary care for her own personal safety.

Significantly, in her deposition, Ridley testified that she had visited the premises on between 20 and 25 occasions before the fall incident. She was familiar with the parking lot area and knew that it contained parking abutments. Ridley further

---

[1] Ridley further contends that the placement of the display racks and parking abutments violated City of Ringold ordinances. "City and county ordinances must be alleged and proven in order to be considered by the superior and appellate courts of this State. The proper method of proving a city ordinance is production of the original ordinance or a certified copy thereof." (Citations omitted.) *Whitfield v. City of Atlanta*, 296 Ga. 641, 641 (769 SE2d 76) (2015). See also OCGA § 24-2-221 (judicial notice may be taken of a certified copy of an ordinance). Here, the ordinances referenced appear nowhere in the record. Consequently, we cannot consider this contention. See *Whitfield*, 296 Ga. at 641 ("Neither the superior courts nor the appellate courts can adjudicate a claim or defense based on a city ordinance unless the ordinance has been properly presented.").

admitted that she was aware of the general height and dimensions of the parking abutments and that there was a risk of tripping when walking through the parking lot and not looking at the ground where the parking abutments were located. There was nothing preventing Ridley from observing the parking abutment prior to the fall. Ridley testified that the fall incident occurred on a clear, sunny day and there was no problem with lighting in the area. Moreover, she admitted that the parking abutments were plainly visible from a good distance away.[2]

In addition, Ridley had successfully traversed the area when she entered the store approximately ten minutes prior to the fall. She was aware of the display rack conditions on the sidewalk. Ridley acknowledged that at the time of the fall, she was looking at the display rack and the ground around the display rack instead of the parking area where she was walking.

Exhibits to Ridley's deposition include photographs of the premises, including the area depicting display racks on the sidewalk and the parking abutments in the

---

[2] Ridley also testified that another customer had exited the store and walked toward the parking lot ahead of her. There is no evidence that the customer experienced any difficulty traversing the areas where the display racks and parking abutments were located. Likewise, there was no evidence that any similar incidents had occurred at the premises.

parking lot. Ridley placed a letter "A" on the photograph referred to as Defendant's Exhibit No.13 to identify the location of the parking abutment over which she tripped and fell. The photograph clearly shows the parking abutments in the area where the fall occurred. Simply, Ridley's own testimony established that she failed to exercise ordinary care for her own personal safety because she was paying attention to the display rack rather than where she was walking in the parking area.

Ridley nevertheless argues that the display rack and other customers traversing the storefront were distractions. Her argument is without merit. Based on the circumstances presented, the distraction theory does not apply.

> The distraction theory covers situations where the plaintiff's attention is distracted by a natural and usual cause, and this is particularly true where the distraction is placed there by the defendant or where the defendant in the exercise of ordinary care should have anticipated that the distraction would occur. The relevant inquiry, however, is whether [the plaintiff's] view of the hazard was obstructed at the point immediately before she was about to step onto it. Where an obstruction is perfectly obvious and apparent, so that one looking ahead would necessarily see it, the fact that the plaintiff merely failed to look will not relieve her from the responsibility for her misadventure.

(Punctuation, footnotes, and emphasis omitted.) *McLemore*, 313 Ga. App. at 644-645. Under the distraction theory, a merchandise display must be of such a nature that its

presence would not have been anticipated by the plaintiff invitee. See *Robinson*, 268 Ga. at 746 (2) (a). "If the distraction has as its source the invitee, the invitee can no more take the benefit of it to excuse h[er] lack of care for h[er] own safety than one who creates an emergency can excuse h[er]self because of its existence." (Citation and punctuation omitted.) Id. at 744 (2) (a).

Here, Ridley testified that the display rack did not block her view of the ground where the parking abutment was located. Nor was there any evidence that the other customers blocked her view of the parking abutment. More importantly, Ridley further admitted that she had observed the display rack condition and had successfully traversed around it and the area of the parking abutments before she entered the store, only ten minutes before the fall. "The proof offered clearly puts this case within the line of cases involving the plain view doctrine and effectively eliminates any distraction theory." (Punctuation and footnote omitted.) *McLemore*, 313 Ga. App. at 645. Ridley's decision to look at the display rack while walking was a self-induced distraction, which is not covered by the distraction theory. See *Robinson*, 268 Ga. at 744, 746 (2) (a) (acknowledging that "[l]ooking at displayed merchandise or a store's aisle signage has been repeatedly found to constitute a self-induced distraction"); *Long John Silver's, Inc. v. Coleman*, 223 Ga. App. 864 (479 SE2d 141) (1996)

8

(holding that a restaurant's window sign was a self-induced distraction because the plaintiff chose to read the sign while walking).

The plain, palpable, and undisputed evidence shows that the parking abutment was open and obvious and any hazard presented by it could have been avoided by Ridley in the exercise of reasonable care. Accordingly, the trial court properly granted summary judgment to the store owner. See *Joe Enter., LLC v. Kane*, 341 Ga. App. 12 (798 SE2d 97) (2017) (physical precedent only) (reversing denial of summary judgment to defendant because undisputed evidence showed that plaintiff had successfully negotiated the same ramp shortly before her fall and because any hazard posed by the ramp was open and obvious); *McLemore*, 313 Ga. App. at 644-645 (affirming grant of summary judgment to defendant because even if the alleged curb was hazardous, the condition was open and obvious, and thus, in the exercise of ordinary care, plaintiff could have avoided it); *Pirkle v. Robson Crossing*, 272 Ga. App. 259, 261 (612 SE2d 83) (2005) (summary judgment appropriate where undisputed evidence established that the alleged steep curb condition was open and obvious).

*Judgment affirmed. McFadden, C. J., and McMillian, P. J., concur.*