A04A2349. BARTON et al. v. CITY OF ROME.
(610 SE2d 566)

MIKELL, Judge.

Paul David Barton and his wife, Melanie Barton, appeal the summary judgment granted to the City of Rome ("the City") in this slip and fall action. We reverse for the reasons set forth below.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of

review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

So viewed, the record shows that on August 2, 1999, at approximately 2:30 p.m., Paul Barton accompanied a relative, Chad Freeman, to the Walker Mountain Landfill in Floyd County to dump a trailer full of household trash.[2] Freeman was driving a sport utility vehicle, and the trailer was attached to the back of it. Barton exited the vehicle and walked to one of the dumpsters so that he could guide Freeman in backing up to it. The dumpster in question was recessed into the ground and was surrounded by a 15-inch high concrete wall. There was a space between the dumpster and the wall that measured twenty-seven inches across and over nine feet (110 inches) deep. On the date of the incident, a metal flap covered a significant portion of the opening, but the far left corner was exposed.

Barton deposed that while standing sideways to the dumpster, he looked over to the trailer to make sure Freeman did not hit the concrete wall. Suddenly, Barton slipped, his left knee hit the wall, he hit his head on the dumpster, and he tumbled into the bottom of the hole. Barton landed on his lower back, and he injured his head, neck, and knee as well as his back. Barton thought he slipped on some roof shingles, but he could not be certain.

An engineer hired by Barton, Jerry R. Tindal, testified by affidavit that the omission of guardrails around the open sides of the dumpster, in addition to the absence of cover plates from a corner of the hole, created a significant foreseeable fall hazard that could result in serious injury or death. Tindal further averred that the unguarded and uncovered openings rendered the design layout and construction of the area defective and unreasonably dangerous.

The trial court's order granting summary judgment does not reference Tindal's expert affidavit. The court concluded that Barton could not recover because he had previously used this dumpster and because the hazards posed by the hole were open and obvious. The court cited Barton's deposition testimony that he had disposed of his garbage at the landfill approximately once a week since the landfill had opened.[3] When asked whether he had used the dumpster at

---

[1] (Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[2] The City of Rome and Floyd County jointly own and operate the landfill. The Bartons sued both entities. The trial court granted summary judgment to the county on the basis of sovereign immunity, and the Bartons do not appeal that ruling.

[3] Barton could not recall when the landfill opened; however, counsel for appellee states in

which he fell, Barton replied, "[m]ost of the time, yeah, whichever one was open or wasn't crowded."

In three enumerations of error, Barton argues that the trial court erred in granting summary judgment to the City. We agree.

Pursuant to OCGA § 51-3-1, owners or occupiers of land owe a statutory duty to their customers, as invitees, to exercise ordinary care to keep the premises and approaches reasonably safe and "not to expose the invitees to unreasonable risk or to lead them into a dangerous trap."[4] An invitee who seeks to recover for injuries sustained in a slip and fall action must prove two elements: "(1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier."[5]

> The liability of a proprietor under (OCGA § 51-3-1) which results from failure to keep the premises and approaches safe always depends on notice of the danger except where notice is presumed, as in cases of defective construction. Moreover, the owner/occupier's duty to exercise ordinary care includes inspecting the premises to discover possible dangerous conditions of which the owner/occupier does not have actual knowledge, and taking reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises.[6]

In the case sub judice, Barton alleged that the City had actual knowledge of the hazard because the structure was defectively designed and that the City had constructive knowledge because it failed to provide evidence of a reasonable inspection procedure. For the purpose of summary judgment, we hold that the City had actual knowledge. Barton's expert averred that an elevation difference of between eight and ten feet existed between the walking/working surface and the grade elevation near the bottom of the dumpster; that cover plates were installed over the opening between the concrete wall and the side of the dumpster, but the cover plates did not continue along the full length of the side of the dumpster, leaving a

---

her brief that the landfill opened in July 1998.

[4] (Citations omitted.) *Robinson v. Kroger Co.*, 268 Ga. 735, 740 (1) (493 SE2d 403) (1997). See also *Murray v. Fitzgerald Convenient Centers*, 239 Ga. App. 799, 800 (1) (a) (521 SE2d 915) (1999).

[5] *Robinson*, supra at 748-749 (2) (b).

[6] (Citations and punctuation omitted.) *Freyer v. Silver*, 234 Ga. App. 243, 245-246 (2) (507 SE2d 7) (1998) (notice to owner of hazardous placement of parking space near steep and deceptive slope into drain culvert presumed under defective construction theory).

substantial area near one corner unprotected; and that the area contained no warning signs or visual markings to warn of the fall hazard. Knowledge of this defective design and construction is imputed to the City when considering its motion for summary judgment.[7]

Accordingly, we proceed to the second prong of our inquiry: whether Barton lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. In this regard,

> [t]he plaintiff's evidentiary proof concerning the second prong is not shouldered until the defendant establishes negligence on the part of the plaintiff — i.e., that the plaintiff intentionally and unreasonably exposed [him]self to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known.[8]

The City argues that the uncovered hole was a static defect of which Barton was aware because he had previously used the dumpster. It is true in static defect cases that "when a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom."[9] However, "it is the plaintiff's knowledge of the specific hazard precipitating a slip and fall which is determinative, not merely [his] knowledge of the generally prevailing hazardous conditions or of hazardous conditions which plaintiff observes and avoids."[10] Indeed, we have, on numerous occasions, reversed the grant of summary judgment to a defendant when the record did not clearly substantiate that the plaintiff had "successfully negotiated" the hazard.[11] In *Christensen v. Overseas Partners Capital*,[12] for example, there was no evidence that the defect, the uneven lip of a handicapped ramp, had been visible to a pedestrian walking up the allegedly defective ramp. In the case at bar, there was evidence that Barton had been dumping trash at the landfill weekly for about a year. Therefore, it is possible that at trial,

---

[7] Id.

[8] (Citation omitted.) *Hagadorn v. Prudential Ins. Co.*, 267 Ga. App. 143, 145 (598 SE2d 865) (2004).

[9] (Punctuation and footnote omitted.) *Christensen v. Overseas Partners Capital*, 249 Ga. App. 827, 829 (2) (549 SE2d 784) (2001) (evidence that plaintiff tripped on handicapped ramp, bottom of which had sunk below level of parking deck, precluded summary judgment).

[10] (Citation omitted.) *Freyer*, supra at 247 (3).

[11] *Christensen*, supra; *Jackson v. Waffle House*, 245 Ga. App. 371 (537 SE2d 188) (2000); *Allen v. Roscoe Weston Motels Ga.*, 220 Ga. App. 402 (469 SE2d 492) (1996).

[12] Supra.

the City will be able to prove that he had actual knowledge of the particular danger which caused him to suffer, i.e., the nine-foot-deep gap beside the dumpster and the lack of a metal cover plate at one end of the gap. But Barton was not asked at his deposition about his knowledge of the gap or the details of his routine visits to the landfill. All inferences from the evidence at this stage of the proceedings must be interpreted in favor of Barton, as the party opposed to the motion for summary judgment. We cannot infer from evidence that Barton often used the landfill, or even from evidence that he used this dumpster, that he knew or should have known about this particular hazard, i.e., the exposed gap at the far left corner of the pit.

Barton testified that he was aware of the presence of garbage, including "shingles," on the ground. It is, of course, reasonably foreseeable that a person utilizing a landfill will slip on garbage and fall on the ground. But Barton does not allege liability based on the presence of garbage or shingles, but on static hazards, including design defects, and the failure to warn of those defects. Whether it was reasonably foreseeable that Barton would plummet over nine feet into the bottom of an unguarded hole while attempting to use the dumpster is a matter for the jury to determine. "Except in extraordinary cases where the facts are plain and indisputable, the jury should decide all questions of negligence, contributory negligence, cause and proximate cause, and whose negligence constituted proximate cause of an injury."[13] This is not an extraordinary case, and the jury must decide the issues of negligence, including negligent design, contributory negligence, cause and proximate cause.[14]

*Judgment reversed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 9, 2005 —
RECONSIDERATION DENIED MARCH 3, 2005.

*Parker & Lundy, Charles E. Morris, Jr.,* for appellants.

---

[13] (Punctuation and footnotes omitted.) *Bossard v. Atlanta Neighborhood Dev. Partnership,* 254 Ga. App. 799, 800 (2) (564 SE2d 31) (2002).

[14] See, e.g., *Hagadorn,* supra at 145 (defendants on constructive notice of dramatic slope in drainage culvert obscured by fallen leaves; whether business patron had superior knowledge of hazard held a jury question); *Mathis-Akins Concrete Block Co. v. Tucker,* 127 Ga. App. 699, 700 (2) (194 SE2d 604) (1972) (physical precedent only) (night watchman fell into open pit between two railroad tracks; evidence did not compel finding that pit was open and obvious); *Harvill v. Swift & Co.,* 102 Ga. App. 543, 547-548 (117 SE2d 202) (1960) (invitee fell into an open manhole eight to ten inches from the edge of defendant's loading dock; whether defendant negligently failed to discover cover was removed, and other issues, for jury to decide).

*Brinson, Askew, Berry, Seigler, Richardson & Davis, J. Anderson Davis, Kristy L. Cordle, Smith, Shaw & Maddox, Thomas H. Manning, Robert T. Monroe*, for appellee.