A08A2209. COCKLIN v. JC PENNEY CORPORATION.

(674 SE2d 48)

PHIPPS, Judge.

Barbara Cocklin brought this suit against JC Penney Corporation seeking damages for her trip and fall on its business premises while she was an invitee there. The trial court granted JC Penney's motion for summary judgment, on the ground that the alleged hazard that caused Cocklin's fall was a static condition that she had successfully negotiated before and that had caused no prior accidents. Because a jury could find that the cause of Cocklin's fall was a hazard of which JC Penney should have been aware even in the absence of the occurrence of other accidents, and because a jury

---

could also find that the hazard was not readily discernible by Cocklin, we reverse.

Cocklin's trip and fall occurred in the entry way to the JC Penney hair salon in the LaGrange Mall. In the entry way, the floor transitions from a lower, horizontal surface composed of vinyl tiles to a higher, horizontal surface composed of ceramic tiles. These two surfaces are separated by a vertical transition piece, or threshold, that arises from the lower surface to the higher surface at a 90 degree angle. Most of the vertical transition piece is covered by a brown strip. But above the brown strip is an exposed edge of ceramic tile about a quarter of an inch in height. This ceramic tile extends slightly beyond the vertical surface of the transition piece leaving a small crevice or lip.

When Cocklin entered the salon on the day in question, she tripped and fell on the threshold. Although Cocklin could not state with unequivocal certainty what had happened, her testimony, viewed in a light most favorable to her as the nonmovant for summary judgment,[1] was that this accident was caused by her shoe getting caught in the crevice. She acknowledged that she had gone to the salon to get her hair done and traversed the entry way without incident at least four or five times before. Employees of the salon claim that Cocklin had gotten her hair done there more times than that. On the day of Cocklin's fall, the entry way appeared the same as it had before, lighting was adequate, and nothing distracted her or obstructed her vision. Although prior to Cocklin's fall no one else had encountered any difficulty in walking over the threshold in the entry way, another customer tripped (but did not fall) on the threshold several weeks after Cocklin's accident. As a result, JC Penney placed a caution tape across the threshold. At the time of her accident, Cocklin was 76 years old. The hair salon's clientele is largely composed of women in her age category.

Cocklin's flooring expert submitted an affidavit in which he testified that a floor should transition from a lower to a higher surface through a gradual slope in order to ensure safety and avoid trip hazards. According to Cocklin's expert, the transition piece in the JC Penney hair salon was installed in such a way as to have created a dangerous premises defect, because it did not completely cover the change in vertical height between the two floor surfaces.[2] Cocklin's expert further testified that placement of the brown transition piece gave the illusion that the flooring edge was completely covered, and that the crevice or lip created by its incomplete

---

[1] See, e.g., *Blocker v. Wal-Mart Stores*, 287 Ga. App. 588, 589 (651 SE2d 845) (2007).

[2] Contrary to argument advanced by JC Penney, the expert opinion testimony in this case, as in cases such as *Barton v. City of Rome*, 271 Ga. App. 858, 860 (610 SE2d 566) (2005) and *Cohen v. Target Corp.*, 256 Ga. App. 91, 92 (567 SE2d 733) (2002), was clearly admissible.

covering was not readily visible from a normal visual height.

JC Penney moved for summary judgment, arguing that there were no previous accidents involving the transition piece, Cocklin had successfully negotiated it on several prior occasions, and JC Penney thus did not have superior knowledge of the hazard allegedly created by the static condition. Cocklin opposed JC Penney's motion with, among other things, the affidavit of her flooring expert. Because the alleged hazard unquestionably fell under the category of a static condition, and because Cocklin had traversed it without incident on prior occasions, the superior court ruled that under the authority of cases such as *Ballew v. Summerfield Hotel Corp.*,[3] *Wood v. Winn-Dixie Stores*,[4] and *Hannah v. Hampton Auto Parts*,[5] Cocklin's presumptive knowledge of the defect precludes her from recovering for her injury.

> *Robinson v. Kroger Co.*[6] sets forth a two-part test for determining whether an invitee can recover damages in a slip and fall claim. First, an invitee must prove that the defendant had actual or constructive knowledge of the hazard. Second, a plaintiff must prove that, despite the exercise of ordinary care, plaintiff lacked knowledge of the hazard due to actions or conditions within the owner/occupier's control.[7]

As thus recognized in *Hannah*,

> [i]n premises liability cases, proof of a fall, without more, does not give rise to liability on the part of a proprietor. The true basis of a proprietor's liability for personal injury to an invitee is the proprietor's superior knowledge of a condition that may expose the invitees to an unreasonable risk of harm. Recovery is allowed only when the proprietor had knowledge and the invitee did not.[8]

As further recognized in *Hannah*, "[a] claim involving a static defect differs from other slip and fall cases in that when a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot

---

[3] 255 Ga. App. 494, 496-497 (4) (565 SE2d 844) (2002).

[4] 244 Ga. App. 187 (534 SE2d 556) (2000).

[5] 234 Ga. App. 392 (506 SE2d 910) (1998).

[6] 268 Ga. 735 (493 SE2d 403) (1997).

[7] *Wood*, supra at 188, citing *Robinson*, supra at 748-749 (2) (b).

[8] *Hannah*, supra at 394 (citations and punctuation omitted).

recover for a subsequent injury resulting therefrom."[9]

But in cases such as *Newell v. Great A & P Tea Co.*,[10] we have recognized that the rule imputing knowledge of a danger to a person who has successfully negotiated it before applies only to cases involving a static condition that is "readily discernible" to a person exercising reasonable care for his own safety. Moreover, as held in cases such as *Freyer v. Silver*,[11] "it is the plaintiff's knowledge of the specific hazard precipitating a [tr]ip and fall which is determinative, not merely her knowledge of the generally prevailing hazardous conditions or of hazardous conditions which plaintiff observes and avoids."[12]

Here, Cocklin testified that although she was looking where she was going before she fell, she had not seen the crevice on which she had tripped and could not see it until conducting a close, visual and tactile inspection of the area the next day. Cocklin's flooring expert, who also inspected the area, testified that "[y]ou have to get down on the floor to fully observe and appreciate ... the exposure of the vertical edge of the ceramic tile slightly but dangerously above the transition strip." Viewed in a light most favorable to Cocklin as the nonmovant for summary judgment, this evidence, as did the evidence in *Newell* and *Freyer*, creates a material issue of fact as to whether the specific hazard allegedly precipitating Cocklin's trip and fall was readily observable to her in the exercise of ordinary care and whether she can therefore be presumed to have knowledge of it.[13]

As to the requirement that the premises owner or operator have notice of the defect, we have held in cases such as *Barton v. City of Rome*,[14] that notice of the danger is presumed in cases such as defective construction. This presumed notice arises from the owner/occupier's

> duty to exercise ordinary care [in] inspecting the premises

---

[9] Id. (citations and punctuation omitted).

[10] 222 Ga. App. 884, 885 (1) (476 SE2d 631) (1996).

[11] 234 Ga. App. 243 (507 SE2d 7) (1998).

[12] Id. at 247 (3) (citation omitted).

[13] See *Newell*, supra at 885; see also *Barton*, supra at 861-862; *Christensen v. Overseas Partners Capital*, 249 Ga. App. 827, 829 (2) (549 SE2d 784) (2001); *Anderson v. Turton Dev.*, 225 Ga. App. 270, 271 (1) (483 SE2d 597) (1997). See generally *Caswyck JSB, LLC v. Crowe*, 265 Ga. App. 316, 317 (593 SE2d 758) (2004). Compare *Sherrod v. Triple Play Café*, 285 Ga. App. 689 (647 SE2d 376) (2007); *Nemeth v. RREEF America*, 283 Ga. App. 795, 797-798 (1) (643 SE2d 283) (2007); *Trans-Vaughn Dev. Corp. v. Cummings*, 273 Ga. App. 505 (615 SE2d 579) (2005); *Febuary v. Averitt Properties*, 242 Ga. App. 137, 140 (2) (528 SE2d 880) (2000); *Echols v. Whisker's Food & Spirits*, 229 Ga. App. 240 (493 SE2d 722) (1997) (physical precedent only); *Poythress v. Savannah Airport Comm.*, 229 Ga. App. 303, 305-306 (2), (3) (494 SE2d 76) (1997); *Piggly Wiggly Southern v. Bennett*, 217 Ga. App. 496 (458 SE2d 138) (1995).

[14] 271 Ga. App. 858, supra.

to discover possible dangerous conditions of which the owner/occupier does not have actual knowledge, and taking reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises.[15]

As recognized in *Christensen*, "failure to discover the defect through the exercise of reasonable care in inspecting the premises gives rise to constructive knowledge where the owner or occupier had an opportunity to discover the dangerous condition and to remedy it."[16] Under these principles, the evidence is sufficient to charge JC Penney with constructive knowledge of the flooring defect.[17]

The cases relied on by the superior court are distinguishable. *Hannah* did not raise the issue of presumed notice in cases of defective construction. In *Wood*, the specific hazard of which the plaintiff complained was the absence of a slip-resistant surface on an entrance ramp to a grocery store, and the plaintiff had knowledge of that specific hazard because she had traversed the ramp several times each week for 30 years in rainy as well as dry weather. In *Ballew*, the hotel's daily inspections had revealed no defect in the carpeting on which the plaintiff had tripped, so that the plaintiff failed to show that the hotel had either actual or constructive knowledge of the alleged carpet defect.[18]

*Judgment reversed. Johnson, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 18, 2009.

*Clarence M. Mullin*, for appellant.

*Drew, Eckl & Farnham, Jeffrey A. Burmeister, Stevan A. Miller, George W. Brinson*, for appellee.

---

[15] *Freyer*, supra at 246 (punctuation and footnote omitted).

[16] *Christensen*, supra at 829 (1) (punctuation and footnote omitted).

[17] See id. at 828-829; *Wood*, supra at 188-189; *Freyer*, supra at 245-246 (2); *Newell*, supra at 885-886 (2).

[18] *Ballew*, supra at 495-496 (2), (3).

