Branch, Judge.
Franceska and Leonard Norwich brought this premises liability action against the Shrimp Factory, Inc., a Savannah restaurant, after Mrs. Norwich fell from a platform upon exiting a toilet stall in the women’s restroom. The trial court granted summary judgment to the Shrimp Factory on the ground that the uncontroverted evidence showed that Mrs. Norwich had equal knowledge of the allegedly *160 hazardous condition of the platform because she had previously negotiated the platform when she entered the toilet stall. On appeal, plaintiffs argue that a genuine issue of material fact remains as to whether Mrs. Norwich had equal knowledge of the hazard posed by the platform. We disagree and therefore affirm.
“On summary judgment, a trial court is not authorized to resolve disputed issues of material fact.” (Citation omitted.) Ly v. Jimmy Carter Commons, LLC, 286 Ga. 831, 833 (1) (691 SE2d 852) (2010). Summary judgment is proper if the pleadings and evidence “show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” OCGA § 9-11-56 (c). “A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.” (Citation omitted.) Gayle v. Frank Callen Boys & Girls Club, 322 Ga. App. 412 (745 SE2d 695) (2013).
So viewed, the evidence shows that the women’s restroom at the Shrimp Factory includes two toilet stalls constructed on top of a raised platform at the far end of the restroom. To reach either of these stalls, a patron must walk across the main floor of the restroom, step up onto the platform, and then step up into the stall. The platform is 6 inches higher than the main floor, and the stall floors are 6V2 inches higher than the platform. The platform has the same wood flooring as the main floor, but the stall floors are made of tile.
Each stall has a door that opens outward. The step from the platform to the stall floor is located at the stall door. On the inside and outside of each stall door is a sign that says “Watch Your Step.” There is a yellow stripe on the floor across the threshold of the entrance to the stalls, demarcating the step from the platform to the stall floor. The platform has two nonskid black strips on the surface in front of each bathroom stall, one of which is nearly flush with the edge of the step. A handrail extends from a wall between the two bathroom stalls to the end of the platform, to which the handrail is attached.
On the day of the accident, a hostess seated Mrs. Norwich and her husband in the restaurant, and Mrs. Norwich then went to the women’s restroom. After she entered the restroom, Mrs. Norwich stepped up onto the platform and then stepped up into one of the bathroom stalls. While in the stall, she saw the sign on the inside of the door warning patrons to watch their step. She also noticed the yellow stripe on the floor marking the threshold of the bathroom stall. As she exited from the stall, Mrs. Norwich stepped down onto the platform while holding the handrail. Believing that she was on the main floor of the restroom, Mrs. Norwich took her hand off the *161 handrail when she came to the end of it, and she looked and stepped toward the sink. She then fell onto her right foot, dislocating and fracturing her ankle.
Mrs. Norwich and her husband brought this action against the Shrimp Factory, contending that the women’s restroom was negligently designed and constructed and that the Shrimp Factory had failed to take appropriate measures to make the restroom safe. The Shrimp Factory answered, denying liability, and thereafter moved for summary judgment on the ground that as a matter of law, Mrs. Norwich had equal knowledge of any alleged hazardous condition in the restroom. In opposing summary judgment, Mrs. Norwich and her husband cited her deposition testimony and the affidavits of two experts. The first expert, an engineer, averred that several building code violations in the construction of the women’s restroom “contributed to” Mrs. Norwich’s fall. Mrs. Norwich and her husband also submitted the affidavit of a professor of psychology, who testified that the absence of physical features at the edge of the platform created an “apparent continuity” of the floor and platform surfaces amounting to a failure in the design of the women’s bathroom and the cause of Mrs. Norwich’s fall.
The trial court granted the Shrimp Factory’s motion for summary judgment on the ground that Mrs. Norwich had equal knowledge of the hazard gained when she successfully negotiated the step up from the main floor to the platform on her way into the bathroom stall. This appeal followed.
A premises liability plaintiff
must plead and prove that: (1) the defendant had actual or constructive knowledge of the hazard; and (2) the plaintiff, despite exercising ordinary care for his or her own personal safety, lacked knowledge of the hazard due to the defendant’s actions or to conditions under the defendant’s control.
(Citation and punctuation omitted.) Perkins v. Val D'Aosta Co., 305 Ga. App. 126, 128 (699 SE2d 380) (2010); see also American Multi-Cinema v. Brown, 285 Ga. 442, 444 (2) (679 SE2d 25) (2009).
In cases involving allegations of a static, dangerous condition such as the step at issue here, an invitee’s actual knowledge of the condition relieves a proprietor of any duty to warn that invitee of that condition or hazard because “the invitee has as much knowledge as the proprietor does.” Perkins, 305 Ga. App. at 128. Thus “a claim involving a static defect differs from other slip and fall cases in that when a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have *162 equal knowledge of it and cannot recover for a subsequent injury resulting therefrom.” Id. (citations and punctuation omitted; emphasis supplied); see also Cocklin v. JC Penney Corp., 296 Ga. App. 179, 181-182 (674 SE2d 48) (2009); Trans-Vaughn Dev. Corp. v. Cummings, 273 Ga. App. 505, 508 (615 SE2d 579) (2005); Newell v. Great Atlantic & Pacific Tea Co., 222 Ga. App. 884, 885 (476 SE2d 631) (1996). This rule imputing knowledge to an invitee of the danger posed by a premises feature is limited, however, “to cases involving a static condition that is readily discernible to a person exercising reasonable care for his own safety.” Strauss v. City of Lilburn, 329 Ga. App. 361, 364 (765 SE2d 49) (2014) (citation and punctuation omitted; emphasis in original); see also Perkins, 305 Ga. App. at 128-129; Rutherford v. Revco Discount Drug Centers, 301 Ga. App. 702, 704 (689 SE2d 59) (2009); Cocklin, 296 Ga. App. at 180; Newell, 222 Ga. App. at 885. This limitation of the rule imputing knowledge of a hazard is simply a restatement of the truism, still applied, that a plaintiff is held to have knowledge of “an open and obvious condition.” See Wright v. K-Mart Corp., 286 Ga. App. 765 (650 SE2d 300) (2007) (no error in granting a store summary judgment as to plaintiff’s claim arising from a trip over store’s shelf corner) (emphasis supplied); Music v. Steamco, Inc., 265 Ga. App. 185, 186 (593 SE2d 370) (2004) (plaintiff was held to have had equal knowledge of water on steps leading from restaurant); Becton v. Tire King of North Columbus, 246 Ga. App. 57, 59 (539 SE2d 551) (2000) (plaintiff was held not to have exercised due care when she walked backward into a planter that was “an open and obvious condition”).
The appeal before us thus turns on the question whether, shortly after Mrs. Norwich had ascended the step marked by black nonskid tape from the main floor to the platform without incident, any hazard posed by the same step downward from the platform to the main floor was “obvious” or “readily discernible” to her as a matter of law.
When a case involves a second approach to a static hazard soon after successful traversal of the same hazard, we have consistently resolved the matter of equal knowledge as a matter of law. In Gantt v. Dave & Busters of Ga., 271 Ga. App. 457 (610 SE2d 116) (2005), for example, we held that a plaintiff who had previously stepped up to a platform to play a video game had acquired equal knowledge of the hazard posed by the step even when “a white border across the vertical portion of the top level” was visible “only from the bottom level,” and when “the top level was marked with a brown strip along its edge,” just as the top level of this step was marked with a black strip along its wooden edge. Id. at 458. Likewise, in Orff v. Stonewood Restaurant Group, 285 Ga. App. 488 (646 SE2d 702) (2007), a plaintiff who had previously traversed a step up from a restaurant floor to an *163 elevated booth “fell on the same step she used to reach her booth.” Id. at 490. We emphasized that “it is the plaintiff’s knowledge of the specific hazard which caused the fall that determines whether the plaintiff can prevail on a premises liability claim,” and concluded that having looked down to step up into the booth, the plaintiff should have known that she would have to step down such that she had equal knowledge of the hazard posed by the step. Id. (citation and punctuation omitted; emphasis in original).
Here, Mrs. Norwich twice noted “Watch Your Step” signs on both the inside and the outside of the bathroom stall before falling off the platform shortly after ascending it. Two black nonskid strips marked the platform between the stall and the main floor, with one placed near the edge of the platform; both strips are “readily discernible” even in the poor-quality copy of a photograph included in this appellate record. Norwich’s experts testified that the irregular depth of this step, the lack of a proper handrail, and the use of the same wood in the platform and the main floor all contributed to her fall. Norwich herself testified, however, that nothing had changed in the condition of the steps between her ascent and her attempted descent, and that she looked to her left in the direction of the bathroom sinks, let go of the handrail, and stepped into the air, at which moment she fell. In light of this positive evidence from the only person present at the time of the fall as to the conditions under which it took place, expert opinion as to how Norwich may have perceived the step is both speculative and irrelevant. See Pennington v. WJL, Inc., 263 Ga. App. 758, 760 (1), (2) (589 SE2d 259) (2003) (affirming grant of summary judgment when evidence did not show that plaintiff actually tripped over hoses near doorway; circumstantial evidence as to the cause of his fall was speculative and properly disregarded).
When, as here, a plaintiff has successfully negotiated a specific and static condition only moments before encountering it again, our law reasonably imputes knowledge of that condition to her because it presents no new hazard. The cases cited by the dissent are thus inapposite, and its reliance on expert testimony about an “apparent continuity” appearing from one angle but not another would gut the longstanding rule that the successful negotiation of an obvious, static, and specific hazard, including a step up, bars recovery for injuries sustained in a fall on the way back down the same hazard. Although there was some evidence in Perkins, for example, that the plaintiff had previously negotiated the curb over which he fell, his descent off the curb took place some hours after his previous ascent, with the result that he was traversing a hazard rendered substantially different by either changed conditions, the passage of time, or both. Id. at 126-127; see also Cocklin, 296 Ga. App. at 180 (plaintiff *164 falls on entry to salon she had visited “four or five times before,” with the elapsed time between the previous visits and the fall not specified). As we emphasized in Strauss, moreover, and although the plaintiff in that case had previously visited a restaurant, she had never entered from the point she did on the day of her fall, and thus had not “actually walked either up or down the single-step riser [on which she fell] before [that] fall.” 329 Ga. App. at 364. Likewise, there was no evidence in Rutherford that the plaintiff entered the store by walking up the same ramp down which she exited: as we noted, “the fact that Rutherford had walked into the store once [did] not as a matter of law give her actual or constructive knowledge of the hazard she faced walking out of the store directly onto the steep ramp.” Id. at 703. Our decision in Hatcher v. City of Albany, 147 Ga. App. 843 (250 SE2d 537) (1978), which reversed a grant of a directed verdict as to a claim arising from a fall from a set of exterior steps, issued almost ten years before the static defect rule and its limitation as stated above, which first appeared in 1996 and 1995 respectively. See MARTA v. Fife, 220 Ga. App. 298, 300 (2) (469 SE2d 420) (1996); Martin v. Dunwoody-Shallowford Partners, 217 Ga. App. 559, 561 (458 SE2d 388) (1995). The two remaining cases cited by the dissent are not binding precedent. See Pinder v. H & H Food Svcs., 326 Ga. App. 493 (756 SE2d 721) (2014) (physical precedent only); Murray v. West Building Materials of Ga., 243 Ga. App. 834 (534 SE2d 204) (2000) (physical precedent only).
We understand that an invitee like Mrs. Norwich “[is not] required, in all circumstances, to look continuously at the floor, without intermission, for defects.” American Multi-Cinema, 285 Ga. at 447 (2) (punctuation and footnote omitted). But “the ultimate issue” in this case is whether the owner of this property “was negligent in maintaining a hazardous condition on the property,” which fault cannot arise from a failure to warn an invitee of “the obvious.” McLemore v. Genuine Parts Co., 313 Ga. App. 641, 644 (722 SE2d 366) (2012) (citation and punctuation omitted). After all, as we repeated a short time ago, “in everyday life, persons are required to negotiate floors, steps, and doorways.” Id. This trial court did not err when it concluded that Mrs. Norwich had equal knowledge of the allegedly hazardous step she had successfully traversed shortly before her fall. We therefore affirm the grant of summary judgment to the Shrimp Factory.

Judgment affirmed.

Doyle, P. J., Miller, Dillard, and Boggs, JJ., concur. Barnes, P. J., and Ellington, P. J., dissent.