**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**MCMILLIAN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 13, 2019**

# In the Court of Appeals of Georgia

A19A0084. JONES LANG LASALLE OPERATIONS, LLC et al.   GS-003
    v. JOHNSON.

GOSS, Judge.

We granted this interlocutory appeal to consider whether the trial court erred when it denied summary judgment to the defendant owners of a restaurant sued by Dan Johnson, who fell on an attempt to descend the last step between the restaurant's entrance landing and stairs and its parking lot. The defendants argue that they are entitled to summary judgment because Georgia law bars recovery by a plaintiff who has previously traversed a static hazard under substantially the same conditions as those prevailing when he fell. We find no error and affirm the trial court's denial of summary judgment.

Summary judgment is proper if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law[.]" OCGA § 9-11-56 (c). "A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the non-movant." (Citation and punctuation omitted.) *Norwich v. The Shrimp Factory, Inc.*, 332 Ga. App. 159, 160 (770 SE2d 357) (2015).

Thus viewed in favor of Johnson as the non-movant, the record shows that a series of stairs and single-step landings connects Dantanna's restaurant, located in the Shops Around Lenox shopping center in Atlanta, to the parking lot below it. Each of the three sets of stairs contains a handrail in the center, but the handrails do not extend onto the landings. The stairs, landings, and parking lot are generally the same color, and there are no warning signs or paint on the stairs or landings. From the time the defendant owners purchased the property in December 2013 to the plaintiff's fall in April 2015, defendants did not receive any reports of falls occurring on the stairs or landings. Johnson later testified, however, that a parking lot attendant who saw his fall and offered assistance told him at that time that "[w]e have people trip on that step all the time."

2

On April 2, 2015, Johnson and the colleague went to have lunch at the restaurant, arriving around 11:30 a.m. Johnson had never been to the restaurant before. It was daylight, overcast, and mild when they arrived, and Johnson ascended the landings and stairways into the restaurant without any difficulty. He did not drink alcohol during lunch, and when he left around 1:00 p.m., the weather conditions were the same as when he arrived. When leaving, Johnson used the same set of steps he had an hour earlier but fell as he attempted to walk into the parking lot, apparently failing to realize there was a final, single step there off the bottom landing.

Johnson testified that he did not notice anything "odd" or "hazardous" about the stairs as he ascended them. He testified that he was talking to his colleague but paying attention while descending and that when he reached the last landing, he did not see the single step to the parking lot because it was unmarked, looked the same as the landing, and had no railing or warning signs. Johnson also testified that although he was looking straight ahead, he likely glanced down to confirm his perception that he had finished descending, and that the blind step caused him to "step into air" without knowing that there was a change in elevation. The colleague averred that Johnson was paying attention while descending the stairs and that the landing step where he fell did not have any railings or markings and was not readily

3

apparent on descent. Johnson also produced an expert in premises liability and safety and loss prevention, Jeffrey Gross, who averred that the bottom step from the landing to the parking lot was inherently dangerous and created an unreasonable fall hazard to persons descending the stairs, as it had no handrails and was not marked with contrasting paint or warning signs. He averred that unmarked single-step risers present more problems to persons descending steps than when ascending, as the face of the step can only be seen during ascent and not descent.

The defendants filed a motion for summary judgment, arguing that the plaintiff was barred from recovery because knowledge of the alleged hazardous condition was imputed to him based on his prior successful traversal of it about an hour before his fall under the same conditions. Johnson responded that he had presented evidence the defendants had superior knowledge of the unreasonable safety hazard posed by the unmarked landing where he fell. The trial court denied defendants' motion, concluding that it could not find as a matter of law that they fulfilled their duty to avoid creating an unreasonable risk of foreseeable harm. Specifically, the court held that questions of fact remained as to whether the hazard posed by the last single step was "readily discernable," whether Johnson had equal or greater knowledge of the

hazard, and whether he exercised ordinary care for his own safety. This interlocutory appeal followed.

A static condition is "one that does not change and is dangerous only if someone fails to see it and walks into it." *Bullard v. Marriott Intl.*, 293 Ga. App. 679, 681 (2) (667 SE2d 909) (2008). In a slip-and-fall case involving allegations that a static condition, such as the landing on which Johnson fell, is dangerous,

> the basis of the proprietor's liability is his superior knowledge and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does. . . . [A] claim involving a static defect differs from other slip and fall cases in that when a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have equal knowledge of it and cannot recover for a subsequent injury resulting therefrom.

(Citations and punctuation omitted.) *Perkins v. Val D'Aosta Co.*, 305 Ga. App. 126, 128 (699 SE2d 380) (2010). But "the rule imputing knowledge of a danger to a person who has successfully negotiated an alleged dangerous condition before applies only to cases involving a static condition that is 'readily discernible' to a person

exercising reasonable care for his own safety." (Citations and punctuation omitted.) Id. at 128-129.

Here, Johnson and his colleague both testified that the step down from the final landing to the parking lot surface was not readily discernible, and it is undisputed that there were no markings, warning signs, or handrails there. As in *Perkins*, then, which also involved a step down from a curb into a parking lot, these defendants were "charged with notice of the [step's] height in relation to the parking lot, the lighting conditions, the view of the curb for someone descending the stairs, and the absence of any paint or warning signs" in the area, such that their superior knowledge of the hazard posed by the final step is a jury question. 305 Ga. App. at 129 (reversing a grant of summary judgment to defendant owner); see also *Strauss v. City of Lilburn*, 329 Ga. App. 361, 364 (1) (765 SE2d 49) (2014) (reversing a grant of summary judgment to defendant owner when there was "no evidence" that the plaintiff "had actually walked either up or down" the single step at any time prior to her fall). Our decision in *Norwich*, supra, is distinguishable on a number of grounds, including the mere "moments" between that plaintiff's successful ascent of a step and her fall down the same, the unchanged interior lighting conditions, and the presence of a warning sign. See 332 Ga. App. at 162. And we are not bound by our decision in *Joe*

6

*Enterprise, LLC v. Kane*, 341 Ga. App. 12 (798 SE2d 97) (2017), which is physical precedent only, because that plaintiff could not say how she fell and because the alleged hazard was "open and obvious." Id. at 14-15 (1), 17 (2).

Here, genuine questions of fact remain as to whether the step on which Johnson fell was readily discernable and thus as to his equal knowledge of any hazard posed by that condition and his reasonable care as to his own safety. We therefore affirm the trial court's denial of defendants' motion for summary judgment.

*Judgment affirmed. McFadden, P. J., and McMillian, J., concur.*